IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JUDICIAL WATCH, INC.,               )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    Case No. 1:17-cv-00916 (CRC)
                                    )
U.S. DEPARTMENT OF JUSTICE,         )
                                    )
        Defendant.                  )
_____)

### REPLY IN SUPPORT OF PLAINTIFF'S
### CROSS-MOTION FOR SUMMARY JUDGMENT

       With the filing of Defendant's opposition to Plaintiff's cross-motion for summary judgment, the issues in this case have narrowed further. In light of the new searches conducted and the supplemental declaration submitted by Defendant, Plaintiff no longer challenges the FOIA exemptions asserted by Defendant. With the additional searches now done by Defendant, Plaintiff also no longer objects to the previous failure by the agency to search for records related to Orbis Business Intelligence. Finally, Plaintiff no longer challenges the adequacy of the search for communications prior to Christopher Steele becoming a confidential source prior to January 1, 2016. One issue remains – the FBI's failure to search for records of communications with Steele after he was closed as a confidential source in November 2016. ECF No. 39 (Def's Opp. to Pltf's Cross-Mot. for Summ. J. and Reply in Supp. of its Mot. for Summ. J. at 5).

       Defendant cites to Steele's "privacy interests," but concedes that a "public interest" can outweigh a third party's privacy interests. *Id*. Here, that public interest is manifest. Steele, the author of "Trump dossier" which allegedly launched the Russia investigation, is a central figure

in one of the most important public matters of recent years.[1]  No typical privacy interest exists such as person's medical history or the identity of a police informant.  Yet, the FBI refuses to search for records of its communications with Steele purportedly to protect *his* privacy.

In determining whether a privacy interest must be protected, courts "weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy.'"  *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999) (quoting *Nat'l Ass'n of Retired Fed. Emps.*, 879 F.2d at 874); *accord DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989) (applying Exemption 7(C)).  The FOIA request at issues seeks communications between the FBI and a foreign national who was paid to author a document of concerning the President of the United States and Russia.  Any claim now of a "privacy interest" preventing the FBI from searching for responsive communications is entirely misplaced.  Any balancing weighs heavily in favor of the public interest.

By prioritizing Steele's alleged privacy interest over the public interest, the FBI's search was inadequate because it was unnecessarily narrow.  As a result, Defendant has not demonstrated that it has conducted an appropriate search in response to Plaintiff's FOIA request.

---

[1] As described by Wikipedia, "[t]he Trump–Russia dossier, also known as the Steele dossier, is a private intelligence report written from June to December 2016 containing allegations of misconduct and conspiracy between Donald Trump's presidential campaign and the Government of Russia during the 2016 election. The dossier comprises 17 memos and was authored by Christopher Steele, a former head of the Russia Desk for British intelligence (MI6), for the private investigative firm Fusion GPS. The report alleges that Trump campaign members and Russian operatives conspired to interfere in the election to benefit Trump.  It also alleges that Russia sought to damage Hillary Clinton's candidacy, including sharing negative information about Clinton with the Trump campaign.  The dossier was published in full by BuzzFeed on January 10, 2017."  (Citations omitted.)

*Oglesby*, 920 F.2d at 68 (requiring search with methods expected to produce the information requested).

Plaintiff respectfully requests that the Court grant Plaintiff's cross-motion for summary judgment.

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ *James F. Peterson*
James F. Peterson
DC Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5175
Fax: (202) 646-5199
Email: jpeterson@judicialwatch.org

*Counsel for Plaintiff*

May 10, 2019